OPINION
{¶ 1} Apellant Mark A. Giles appeals from a judgment of the Miami County Common Pleas Court affirming a decision of the Unemployment Compensation Review Commission (hereinafter the Commission) that he is not entitled to unemployment compensation. Giles contends that the decision of the Commission is not supported by the record, and that he was not terminated for just cause. He also contends that the trial court failed to comply with R.C. 4141.282(H). Finally, Giles claims that the Commission failed to comply with the orders of the trial court with regard to the admission of certain evidence.
 {¶ 2} We conclude that there is evidence in the record to support the finding of the Commission that Giles was dismissed for just cause. We further find that the trial court did comply with the appropriate statutory law with regard to this case. Finally, we conclude that any error of the Commission with regard to the evidence cited by Giles was not prejudicial.
 {¶ 3} Accordingly, the judgment of the trial court is affirmed.
 I {¶ 4} Giles was employed by F P America Mfg. Inc. (hereinafter FPA) as a "Facilities Technician" from October, 1997 until his termination on February 13, 2002. Following his termination, Giles filed a claim for unemployment benefits. The claim was denied by the Ohio Department of Job and Family Services (hereinafter ODJFS). Giles then filed an appeal of the denial; however, ODJFS affirmed its previous denial.
 {¶ 5} Giles filed another appeal, and ODJFS transferred jurisdiction of the appeal to the Ohio Unemployment Compensation Review Commission (hereinafter the Commission). In July of 2002, an evidentiary hearing was conducted before a Commission hearing officer. The hearing officer subsequently issued a decision affirming the denial of benefits based upon a finding that the termination was for just cause. Following the determination of the hearing officer, Giles filed a request for further review. Following review by the full Commission, the decision of the hearing officer and the ODJFS was affirmed.
 {¶ 6} Thereafter, Giles filed his first appeal with the Miami County Common Pleas Court. That court determined that the record certified on appeal was deficient with regard to certain evidence, reversed the Commission's order, and remanded the matter for further proceedings.
 {¶ 7} Following remand, a second evidentiary hearing was conducted before a different hearing officer. The hearing officer affirmed the denial of benefits, again finding that Giles was terminated for just cause. Giles filed a second appeal with the Common Pleas Court. The Common Pleas Court determined that the decision to deny benefits and the Commission's finding that Giles was terminated for just cause were supported by the evidence. The Common Pleas Court therefore affirmed the decision of the Commission and the ODJFS.
 {¶ 8} Giles filed an appeal with this court. Following briefing by the parties, Giles filed a motion with this court seeking to "dismiss" exhibits "12, 13 14" attached to the appellate brief of ODJFS as well as exhibits "B and C" attached to the brief of FP. We note that exhibits B, 12, 13 and 14 are copies of documents that are contained within the record certified on appeal to the common pleas court. Thus, there is no basis for the motion to dismiss or strike these exhibits. Furthermore, we note that exhibit C is merely a copy of an unreported Ohio appellate decision cited by FP in its brief. Pursuant to Local Rule Nine of this court, parties are required to attach copies of unreported cases to their appellate briefs. Thus, we again find this motion without merit and overrule it herewith.
 II {¶ 9} The First and Second Assignments of Error state as follows:
 {¶ 10} "THE UCRC DECISION FINDING THAT THE APPELLANT WAS TERMINATED FOR `JUST CAUSE' AS AFFIRMED BY THE COMMON PLEAS COURT WAS UNLAWFUL, UNREASONABLE AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 11} "THE APPELLANT'S TERMINATION WAS NOT FOR JUST OR REASONABLE CAUSE."
 {¶ 12} In his first and second assignments of error, Giles argues he was not terminated for just cause and, therefore, the decision of the Commission was unlawful, unreasonable, and against the manifest weight of the evidence.
 {¶ 13} We begin by noting that our standard of review in this type of appeal is extremely limited. We may only determine whether the decision of the review commission is unlawful, unreasonable, or against the manifest weight of the evidence. Tzangeos, Plakas, Mannos v. Ohio Bureau ofEmployment Services, 73 Ohio St.3d 694, 1995-Ohio-206, paragraph one of the syllabus. We may not make factual findings or determine the credibility of the witnesses, but may only review the record to determine whether the decision is supported by evidence in the record, Id., at 696. With this standard in mind, we turn to the issue of whether the record supports the decision of the UCRC and the Common Pleas Court.
 {¶ 14} Pursuant to R.C. 4141.29(D)(2)(a), a claimant is not entitled to benefits if he was discharged for just cause in connection with his work. "Just cause, in the statutory sense, is that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act." Bennett v. Oh. Dept. Of Job and FamilyServices, Mahoning App. No. 03-MA-222, 2005-Ohio-3313, citation omitted.
 {¶ 15} The record in this case is voluminous. It is also replete with evidence that Giles had a troubled work history while employed by FPA. According to the documentary and testimonial evidence submitted by FPA, the company, pursuant to the terms of its employee handbook, disciplined Giles by issuing a "First Written Counseling" in January of 2001. The written document placed in the record indicates that Giles was disruptive and that he failed to complete work assignments in a timely manner. The document stated that Giles would be subject to further discipline if he failed to improve his performance within thirty days.
 {¶ 16} According to FPA's evidence, within a month, Giles received a "Second Written Counseling" for "abusing company E-mail by sending unacceptable remarks to department supervisor." The company removed Giles from the use of the company e-mail system and stated that he must show improvement as indicated in the first disciplinary document.
 {¶ 17} FPA submitted evidence showing that in September of 2001 Giles was disciplined for failing to follow "proper lockout/tagout procedures" thereby causing an "electrical explosion." He was placed on probation for a term of one year and required to "revisit and follow lockout/tagout policies and procedures." The written document noted that Giles could be terminated from employment if he demonstrated any further problems.
 {¶ 18} Finally, on February 6, 2002, Giles was assigned to perform some electrical work on machinery. According to the record, Giles failed to follow proper wiring methods by neglecting to verify the locations of, and subsequently cutting, the electrical wires. This action resulted in "none operation" of the machinery.
 {¶ 19} According to the evidence of FPA, company personnel met with Giles on February 11 at which time Giles was given an option to accept a demotion or to "voluntarily leave the company." Giles was given twenty-four hours to decide which action he wanted to take.
 {¶ 20} On February 13, 2002, the Senior Manager of Human Resources for FPA issued a letter informing Giles that his employment was terminated for failure to opt for the demotion.
 {¶ 21} Giles, however, contends that the record demonstrates that the evidence presented by FPA regarding its claim of poor job performance were fabricated. He also contends that the record shows that he was not present at the February 11 meeting which FPA claims he attended. Finally, he contends that the record shows that he was actually fired in retaliation for his efforts at unionizing FP's work force.
 {¶ 22} Clearly, the hearing officers gave more credit to the testimony and evidence presented by FPA than to that presented by Giles. However, as previously stated, issues of credibility and the weight to be given to the evidence are peculiarly within the province of the hearing officer, as the finder of fact. There are also matters within the record that would support the hearing officers' deciding not to credit evidence presented by Giles. For example, in his testimony, Giles denies being informed of any disciplinary actions taken against him, and indicated that he first became aware of the allegations of poor job performance after he was terminated. However, this testimony is belied by documentary evidence, in the form of an e-mail authored by Giles, indicating that he was aware of, and unhappy with, the disciplinary action taken January 1, 2001. Giles also contends that his evidence demonstrates that, prior to his termination, he gave the company notice via e-mail of his intent to begin unionizing the company workforce. However, he was unable to produce a copy of the e-mail. Furthermore, while he did send a letter stating that intent, the letter was not post-marked until after the meeting on February 11, at which time he was told to resign or face demotion. Finally, although Giles contends that his evidence demonstrates that he was on vacation and not present for the February 11 meeting, we find that the evidence presented is not dispositive of his claim.
 {¶ 23} In any event, we cannot say that the findings of either hearing officer are unreasonable, unlawful or against the manifest weight of the evidence. There is credible evidence in the record to indicate that, because of improper conduct, Giles caused two serious problems: an electrical explosion and a machine stoppage. Therefore, we conclude that the record supports the findings of the hearing officers and the denial of Giles's claim for unemployment benefits.
 {¶ 24} The First and Second Assignments of Error are overruled.
 III {¶ 25} Giles's Third Assignment of Error is as follows:
 {¶ 26} "THE COMMON PLEAS COURT FAILED TO USE AND APPLY R.C. 4141.282(H) IN CASE NO. O4CA-36."
 {¶ 27} In this assignment of error, it appears that Giles contends that the Common Pleas Court failed to adhere to R.C. 4141.282(H) because it deferred to the UCRC with regard to issues of witness credibility and the "weight of conflicting evidence."
 {¶ 28} R.C. 4141.282(H) provides for review of the Commission's decision by the Common Pleas Court. It provides in pertinent part that the Common Pleas Court shall affirm the decision of the Commission unless it finds that the decision was unlawful, unreasonable or against the manifest weight of the evidence.
 {¶ 29} As stated in Part II, above, when reviewing a decision of the Commission pursuant to R.C. 4141.282(H), common pleas and appellate courts are precluded from making factual findings; the resolution of factual questions and issues of credibility are for the Commission, which acts as the fact-finder in unemployment compensation proceedings. A reviewing court cannot substitute its judgment for the board's factual findings but can only determine if the board's decision is supported by the evidence in the record. Tzangas, supra at 696.
 {¶ 30} Thus, given our determination that the record supports the decision of the Commission, Giles's claim that the Common Pleas Court erred by deferring to the Commission's determination of credibility and factual questions is without merit.
 {¶ 31} The Third Assignment of Error is overruled.
 IV {¶ 32} The Fourth Assignment of Error states:
 {¶ 33} "THE COMMON PLEAS COURT ERRORED [SIC] BY OVERRULING CLAIMANT'S MOTION TO DISMISS AND SHOWED PREJUDICE TOWARDS THE CLAIMANT/APPELLANT BY ELIMINATING CLAIMANT'S RIGHT TO CHALLANGE [SIC] THE APPELLEE'S USE AND THE COURT'S APPLICATION OF FEDERAL LAW AS IT APPLIES TO ISSUES IN THIS CASE AND BY REFUSING TO ALLOW APPELLANT TO SUBMITT [SIC] CORRESPONDENCE THAT WOULD SUBSTANTIATE THE ACTION OF THE CLAIMANT AND HIS RIGHT UNDER FEDERAL LAW TO FILE A MOTION FOR RECONSIDERATION PURSUANT TO THE NATIONAL LABOR RELATIONS ACT, UNDER SECTION 102.19 OF THE BOARD'S RULES AND REGULATIONS. THE REVIEW COMMISSION WAS UNDER ORDER BY THE COMMON PLEAS COURT DURING THE SECOND HEARING, TO CONSIDER EVIDENCE BY THE APPELLANT IN THIS CASE. THE ORDER OF THE COMMON PLEAS COURT WAS NOT INTENDED TO PERMITT [SIC] THE APPELLEES AN OPPORTUNITY TO SUBMITT [SIC] ADDITIONAL EVIDENCE IN THE HEARING, RATHER IT WAS INTENDED TO PROTECT CLAIMANT'S RIGHT TO DUE PROCESS THAT WAS DENIED HIM IN THE PREVIOUS HEARING AND INSTRUCT THE UCRC TO CONSIDER EVIDENCE BY THE CLAIMANT THAT WAS NOT PREVIOUSLY CONSIDERED BY THE UCRC, DURING THE FIRST ADMINISTRATIVE HEARING."
 {¶ 34} This argument is convoluted. However, upon close review of this assignment of error we conclude that Giles's argument centers on his claim that the Commission did not comply with the order of the Common Pleas Court on remand. Specifically, he contends that the Commission erroneously permitted FPA to introduce new evidence at the hearing, despite the fact that the remand order did not allow for new evidence. He also appears to contend that the Commission failed to permit him to challenge the evidence or to contradict the evidence.
 {¶ 35} From our review of the record, Giles is correct in his claim that FPA submitted evidence at the hearing. Specifically, it submitted copies of letters to Giles, from the National Labor Relations Board, regarding the denial of Giles's claim filed with that agency. The letters indicate that the NLRB did not find evidence to support Giles's claim that he was dismissed for attempting unionization activities at FPA. The letters were dated June 28, 2002 and February and July of 2003.
 {¶ 36} We note that one of the letters, dated June 28, 2002, was submitted to the Commission prior to the first evidentiary hearing. Therefore, the hearing officer did not err by permitting its introduction at the second hearing. Furthermore, the second and third letters were merely cumulative of the June 28 letter, and thus, added nothing new to the record. Also, a review of the transcript clearly demonstrates that the hearing officer did not deem the letters of material value, and that their introduction did not affect his decision. Therefore, we find that even if it were error to allow the introduction of the letters during the second hearing, this error was not prejudicial to Giles.
 {¶ 37} Finally, the record simply does not support Giles's claim that he was not permitted to submit evidence to rebut or challenge the gist of these letters. Giles was afforded every opportunity to take issue with the letters and to introduce all documentary evidence he wished.
 {¶ 38} The Fourth Assignment of Error is overruled.
 V {¶ 39} All of Giles's assignments of error having been overruled, the judgment of the Common Pleas Court is affirmed.
Wolff and Grady, JJ., concur.