[Cite as *Michaels v. KTLA Invests., L.L.C.*, 2013-Ohio-2933.]

## IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### MONTGOMERY COUNTY

| | | |
|---|---|---|
| ROBIN S. MICHAELS | : | |
| | : | Appellate Case No. 25403 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No. 2012-CV-2234 |
| v. | : | |
| | : | |
| KTLA INVESTMENTS LLC, et al. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

## O P I N I O N

Rendered on the 3rd day of July, 2013.

. . . . . . . . . . .

DAVID M. DUWEL, Atty. Reg. #0029583, Duwel Law, 130 West Second Street, Suite 2101, Dayton, Ohio 45402
      Attorney for Plaintiff-Appellant

MICHAEL DeWINE, by ROBIN A. JARVIS, Atty. Reg. #0069752, Ohio Attorney General's Office, 1600 Carew Tower, 441 Vine Street, Cincinnati, Ohio 45202-2809
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOFRIO, J.,

{¶1} Plaintiff-appellant Robin S. Michaels appeals the decision of the Montgomery County Common Pleas Court that upheld the decision of a hearing officer from the Unemployment Compensation Review Commission that denied her unemployment benefits. That denial of benefits stemmed from a conclusion that Michaels quit her employment without just cause.

{¶2} Michaels worked full time as a video producer at Sinclair Broadcasting Group. She began to also work part time as a bartender at Savona's Restaurant, owned by defendant-appellee KTLA Investments, LLC, in November 2008. (Tr. 6.) She took the job for fun and for extra money. (Tr. 6.)

{¶3} Michaels' employment with Sinclair Broadcasting Group ended and she requested more hours at Savona's Restaurant. Her request was denied and she eventually resigned her employment at Savona's Restaurant.

{¶4} Michaels filed for unemployment compensation benefits on November 7, 2011, and defendant-appellee Director of the Ohio Department of Jobs and Family Services (ODJFS) issued a determination denying her benefits based on a finding that she had quit her employment without just cause. Michaels appealed that determination, ODJFS affirmed the disallowance of benefits in redetermination and transferred the appeal to the Ohio Unemployment Review Commission.

{¶5} The Review Commission held an evidentiary hearing on January 17, 2012. Michaels claimed that she had quit Savona's Restaurant due to a "hostile" and "unethical" atmosphere. Specifically, she claimed that after she had requested additional hours after her employment with

Sinclair Broadcasting ended, the owner and chef of the restaurant (and KTLA Investments, LLC), Keith Taylor, began assigning her shifts to other employees and hired new employees for other shifts. She also claimed that the owner began to steal her and other employees' tip money under the guise of covering fees associated with accepting credit card payments for food and beverage purchases. She maintained that she did not raise her concerns with Taylor when she resigned and resigned out of fear of receiving a bad reference.

{¶6} On January 19, 2012, the hearing officer issued a decision affirming the redetermination and disallowance of unemployment compensation benefits. Michaels appealed the Review Commission's decision to the Montgomery County Common Pleas Court and it affirmed the Review Commission. This appeal followed.

{¶7} Michaels' sole assignment of error states:

> The trial court erred when it affirmed the decision of the Commission because that decision was unlawful, unreasonable, and against the manifest weight of the evidence.

{¶8} An employee is not entitled to unemployment compensation benefits if they quit work without just cause or were discharged by their employer for just cause. R.C. 4141.29(D)(2). "The claimant has the burden of proving her entitlement to unemployment compensation benefits under this statutory provision, including the existence of just cause for quitting work." *Irvine v. State Unemployment Comp. Bd. of Review*, 19 Ohio St.3d 15, 17, 482 N.E.2d 587 (1985). "Traditionally, just cause, in the statutory sense, is that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act." *Id*.

{¶9} This court's standard of review in this type of appeal is extremely limited. *Giles v. F*

*& P Am. Mfg., Inc.*, 2d Dist. Miami No. 2004-CA-36, 2005-Ohio-4833, ¶ 13. An appellate court may only determine whether the decision of the review commission is unlawful, unreasonable, or against the manifest weight of the evidence. *Tzangeos, Plakas, & Mannos v. Ohio Bureau of Employment Services,* 73 Ohio St.3d 694, 697, 653 N.E.2d 1207 (1995), paragraph one of the syllabus. It may not make factual findings or determine the credibility of the witnesses, but may only review the record to determine whether the decision is supported by evidence in the record, *Id*., at 696, 653 N.E.2d 1207.

{¶10} Michaels maintains that a hostile and unlawful work environment led her to quit her job at Savona's Restaurant. She claims that the owner denied her request for additional hours and instead gave her shifts to other employees and hired new employees for other shifts. She also claims that the owner stole her and other employees' tips under the guise of covering fees associated with accepting credit card payments for food and beverage purchases. When she attempted to raise her concerns with the owner, she claims that he responded by becoming emotionally upset, using profanity, and throwing things.

{¶11} In response, defendant-appellee Director of the Ohio Department of Jobs and Family Services notes that Michaels sought out free-lance video production work while continuing her work at the restaurant. The director suggests that she quit her job at the restaurant when she had to turn down several video productions jobs due to conflicts with her work schedule at the restaurant. The director emphasizes that Michaels did not notify her employer of her objections to her working conditions when she tendered her two week notice.

{¶12} The record supports the decision of the Unemployment Compensation Review Commission and the Montgomery County Common Pleas Court. Michaels testified that the work environment at the restaurant was "a little hostile" and that the owner was not running the

restaurant "ethically." (Tr. 8.) She accused the owner, Keith Taylor, of "bad behavior," "throwing things," and "yelling" at the restaurant's staff. (Tr. 9.) Indeed, concerning the allegation regarding the owner's retention of a portion of the employees' tips to cover credit card payment processing fees, such a practice is likely unlawful. An employee's tips are the sole property of the tipped employee and any arrangement between the employer and the tipped employee whereby any part of the tip received becomes the property of the employer is prohibited by the Fair Labor Standards Act. 29 C.F.R. 531.52.

{¶13} However, testimony presented at the hearing demonstrated that there may have been other reasons Michaels resigned her employment at the restaurant. Taylor testified that Michaels told him she was going to have to quit because of an agreement she had reached upon her separation from Sinclair Broadcasting Group. (Tr. 12.) According to Taylor, Michaels told him that Sinclair was not going to contest her receiving unemployment compensation benefits and that if she continued to work at the restaurant that would adversely affect her receipt of those benefits. (Tr. 12.)

{¶14} Additionally, Michaels' own testimony belied her claim that she quit her employment at Savona due to an allegedly hostile or unlawful work environment:

Hearing Officer: All right. Was there a clear reason that you didn't continue to work whatever hours they were giving y… giving you? (cough) Excuse me, and look for other work, or was there some reason you couldn't continue working there? I know you said you lost your full-time job. Um, how did that cause you to not work at Sevona then?

Miss Michaels: Well, because my primary job is I am a video producer and I have the ability to pick up freelance work. And, I couldn't do that working there

to make more money because of the conflict. Most of my work would be evenings, weekends, and things like that. So, I had turned down jobs where my day rate is as much in one day as I would make in an entire month working there. Um, so, out of respect for Keith and, you know, knowing that he has a small staff, I didn't want to put him in the position where I am calling off and then he has no one to cover for me because I was the only person that did what I did there. And, you know, he's just stuck. Then, we would be here because he fired me. So, I mean, I couldn't, I didn't want to do that. I gave my notice and, you know, trying to be respectful in the fact that I needed to acquire employment that's going to be able to pay my bills.

(Tr. 7.)

{¶15} All of the testimony and Michaels' own conflicting testimony about the real reasons for her ending her employment at the restaurant made the inquiry centrally one of credibility, a matter to which this court must defer to the hearing officer. *Tzangeos*. Additionally, there was testimony that Michaels did not raise all of her concerns relating to the allegedly hostile and unlawful work environment to her employer. (Tr. 11-15.)

{¶16} "Generally[,] employees who experience problems in their working conditions must make reasonable efforts to attempt to solve the problem before leaving their employment. Essentially, an employee must notify the employer of the problem and request that it be resolved, and thus give the employer an opportunity to solve the problem before the employee quits the job; those employees who do not provide such notice ordinarily will be deemed to have quit without just cause and, therefore will not be entitled to unemployment benefits." *DiGiannantoni v. Wedgewater Animal Hosp., Inc.*, 109 Ohio App.3d 300, 307, 671 N.E.2d 1378 (10th

Dist.1996).

{¶17} As the trial court observed, had Michaels informed her employer of all the reasons which she claimed lead to her decision to quit her job, she and her employer might have been able to clear the air and create a working environment that was acceptable to Michaels.

{¶18} Moreover, Taylor testified that there was still a position available to Michaels at the time she gave her notice. (Tr. 13.) Based on a review of the entire record, we conclude that neither the Review Commission or the Common Pleas Court's decision was unlawful, unreasonable, nor against the manifest weight of the evidence.

{¶19} Accordingly, Michaels' sole assignment of error is without merit.

{¶20} The judgment of the trial court is hereby affirmed.

. . . . . . . . . . .


DONOVAN and FROELICH, JJ., concur.

(Hon. Gene Donofrio, Seventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).


Copies mailed to:

David M. Duwel
Michael DeWine
Robin A. Jarvis
Hon. Michael Krumholtz